*Harry Butters,* pro se, submitted a brief.

ETHEL M. ACKER *vs.* CITY OF HAVERHILL (and a companion case.[1]) November 29, 1967.   The plaintiff's exception to a directed verdict for Paving is alone in issue, since the city does not argue its exception to the denial of its motion for a directed verdict at a trial where the plaintiff was awarded damages against the city under G. L. c. 84, § 15.   On October 18, 1962, the plaintiff fell and was injured on that part of a sidewalk which was frequently crossed by vehicles entering a driveway between two buildings on the main street of the city.   The plaintiff's foot struck the edge of the hot top which, because of a preëxisting undersurface of cobblestones, sloped upward to a manhole cover and had unevenly worn away.   No hot top was spread over the manhole cover which, as a result, was about one and one-half inches below the surface of the peripheral repaved sidewalk.   Under its contract with the city, Paving had supplied hot top at places designated by the city and had spread the material under the immediate direction and supervision of a State engineer.   On September 26, 1962, the State engineer approved the work around the manhole cover and Paving was paid.   There was no evidence of ownership or control of

---

[1] The companion case is by the same plaintiff against Merrimack Paving Corporation (Paving).

the manhole cover or that Paving had authority to raise the level of the manhole cover or to lower the level of the peripheral surface. In short, Paving's obligation was merely to furnish labor and material. The directed verdict was right. See *Romano* v. *Rossano Constr. Co. Inc.* 341 Mass. 718, 721–722.

*Haverhill's exceptions dismissed.*
*Plaintiff's exceptions overruled.*

*Joseph J. Hurley* for the plaintiff.
*John R. Quarles, Jr.*, for the defendant Merrimack Paving Corporation.